JUDGE DAVID BRIONES

FILED
2009 NOV 24 PM 3: 17

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAEL BUFFER, an individual; and, READY RUMBLE, LLC, a California limited liability corporation, | CASE NO. |
| | COMPLAINT FOR COPYRIGHT INFRINGEMENT; SERVICEMARK INFRINGEMENT; COMMERCIAL MISAPPROPRIATION; FALSE DESIGNATION OF ORIGIN ("PASSING OFF"); DILUTION; UNFAIR COMPETITION, VIOLATIONS OF Ch. 16 OF TEX. BUS. & COMM. CODE AND TEXAS COMMON LAW |
| Plaintiffs, | |
| vs. | |
| GRM COMMUNICATIONS, an unknown Mexico entity also doing business as RADIO STATION XHNZ; GRUPO RADIO CENTRO, an unknown Mexico entity also doing business as RADIO STATION XHNZ; GROUP RADIO CENTRO MEXICO, an unknown Mexico entity also doing business as RADIO STATION XHNZ; ORGANIZATION RADIOCENTRO, an unknown Mexico entity also doing business as RADIO STATION XHNZ; RADIO STATION XHNZ, an unknown Texas Entity; and DOES 1-10, | EP09CV0421 |
| Defendants. | DEMAND FOR JURY TRIAL |

*K&A/9-2009*                                    1                                    *Complaint*

4355130.1
58456.1

Plaintiffs allege as follows:

[GENERAL ALLEGATIONS]

1.    This action is brought under the U.S. Copyright Act, *inter alia*, 17 U.S.C. §§101, 102, 502, 504, *et seq.*, the Trademark Laws of the United States, *inter alia*, 15 U.S.C. §§1051, 1114, 1115, 1125(a), *et seq.*, Ch. 16 of the Texas Business and Commerce Code, the general common law, and the laws of the State of Texas, which claims are substantial and related to the claims arising under Federal law. Moreover, the matter in controversy involves a Federal Question. Accordingly, this Court has original jurisdiction under United States Code, Title 28, Section 1338, Federal Question jurisdiction under United States Code, Title 28, Section 1331, and supplemental jurisdiction over the common law and state law claims. Venue is proper in this judicial district pursuant to United States Code, Title 28, Section 1391(a)(1) and (2).

2.    At all times herein concerned, Plaintiff MICHAEL BUFFER was and is an individual, and citizen and resident of the State of California.

3.    At all times herein concerned, Plaintiff READY TO RUMBLE, LLC was and is a limited liability corporation duly organized and existing under and by virtue of the laws of the California, with its principal place of business in Los Angeles.

4355130.1
58456.1

4.    Defendant GRM COMMUNICATIONS was and is an unknown entity which, Plaintiffs are informed and believe and thereon allege, was at all relevant times doing business as Radio Station XHNZ in El Paso, Texas.  GRM may be served through Mark Hedrick, registered agent for service of process, located at 221 North Kansas, Suite 1700, El Paso, Texas 79901.

5.    Defendant GRUPO RADIO CENTRO was and is an unknown entity which, Plaintiffs are informed and believe and thereon allege, was at all relevant times doing business as Radio Station XHNZ in El Paso, Texas.

6.    Defendant GROUP RADIO CENTRO MEXICO was and is an unknown entity which, Plaintiffs are informed and believe and thereon allege, was at all relevant times doing business as Radio Station XHNZ in El Paso, Texas.

7.    Defendant ORGANIZACIION RADIONCENTRO was and is an unknown entity which, Plaintiffs are informed and believe and thereon allege, were at all relevant times doing business as Radio Station XHNZ in El Paso, Texas.

8.    Defendant RADIO STATION XHNZ (107.5 FM) ["Radio Station XHNZ"] was and is an unknown entity which, Plaintiffs are informed and believe and thereon allege, was at all relevant times doing business in El Paso, Texas.

9.    The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.

4355130.1
58456.1

10.    Plaintiffs are informed and believe and therefore allege that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiffs as herein alleged. (The foregoing named Defendants and DOES, together, "Defendants" or "GRM Defendants).

11.    Plaintiffs are informed and believe and upon such information and belief allege that at all relevant times herein concerned, Defendants, and each of them, were the agents and employees of each of the remaining Defendants, and were at all times acting within the purpose and scope of said agency and employment, and each Defendant has ratified and approved the acts of the other.

## FIRST CLAIM

*(Copyright Infringement By Michael Buffer Against All Defendants)*

12.    Plaintiff Michael Buffer repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 11, above.

13.    At all times relevant hereto, Plaintiff Michael Buffer has been and is the holder of exclusive rights under the U.S. Copyright Act of 1976 (17 U.S.C. §§101, *et. seq.*, and all amendments thereto) (the "Copyright Act") to reproduce, distribute, publicly perform or broadcast, throughout the United States, Plaintiff Michael

*K&A/9-2009*                                    4                              *Complaint*

4355130.1
58456.1

Buffer's recorded rendition of lyrics containing the phrase "LET'S GET READY TO RUMBLE" in a snippet from a music recording ("the Copyrighted Work").

14.    The Copyrighted Work contains an original creative expression, and is copyrightable under the Copyright Act.  On March 9, 1998, Plaintiff Michael Buffer submitted an application U.S. Copyright Office, with appropriate fees and deposit copies of a compact disk entitled "THE JOCK JAM," for registration of the snippet of the sound recording of the lyrics embodying, *inter alia*, "LET'S GET READY TO RUMBLE" comprising the Copyrighted Work.  A (revised) copyright registration issued on January 7, 2002, and was retroactively effective as of March 9, 1998.  A copy of said registration is attached hereto as Exhibit "A" and incorporated herein by this reference.   The aforementioned registration satisfies applicable recordation, registration formalities and notice requirements under the Copyright Act.

15.    Plaintiff Buffer is informed and believes and thereon alleges that, beginning no later than on or about February 19, 2009, and continuing until at least March 20, 2009, Defendants, by and through Radio Station XHNZ, a Spanish-language radio station, infringed Plaintiff Michael Buffer's exclusive rights in and to the Copyrighted Work by reproducing, distributing, publicly performing and broadcasting it in on at least *Forty-Three (43)* different occasions.

16.    Neither Plaintiff Michael Buffer, nor anyone authorized to act on his behalf, ever has authorized Defendants, by license or otherwise, to reproduce,

4355130.1
58456.1

distribute, publicly perform or broadcast the Copyrighted Work in any manner or media.

17.    Each infringing reproduction, distribution, public performance and broadcast, as well as the threat of continuing the same, constitutes a separate claim against Defendants under the Copyright Act.  Plaintiff Michael Buffer has sustained, and will continue to sustain, substantial damage to the value of the Copyrighted Work in that the previously described activities of Defendants have diminished and will continue to diminish the revenues which Plaintiff Michael Buffer would otherwise receive.  In addition, Defendants have realized unlawful and unjust profits from their unauthorized reproduction, distribution, public performance and broadcast of the Copyrighted Work.

18.    Defendants have continued to infringe said copyrights, and unless temporarily, preliminarily and permanently enjoined by Order of this Court, will continue to infringe said copyrights, all to Plaintiff Michael Buffer's irreparable injury.  As a result of Defendants' acts of infringement, Plaintiff is without an adequate remedy at law in that damages are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff Michael Buffer will be required to pursue a multiplicity of actions.

4355130.1
58456.1

19.    Defendants have committed at least some of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to Plaintiffs' proprietary rights.

## SECOND CLAIM

*(Servicemark Infringement By Plaintiff*
*Ready to Rumble, LLC Against All Defendants)*

20.    Plaintiff Ready to Rumble, LLC repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 19, above.

21.    Since prior to the acts complained of herein, an entity named Plaintiff Ready to Rumble, Inc. (then wholly-owned by Michael Buffer) and, successively, Plaintiff Michael Buffer and Ready to Rumble, LLC have been the owners of the "LET'S GET READY TO RUMBLE"® servicemarks and related rights in the United States of America.  READY TO RUMBLE, INC. registered the LET'S GET READY TO RUMBLE service mark on the principal register in the United States Patent and Trademark Office on November 21, 2000 in Class 35 and Class 41 (No. 2,405,492).

22.    A copy of said registration is attached hereto, marked as Exhibit "B," and incorporated herein by reference.

23.    On December 29, 2006, the U.S. Patent and Trademark Office issued a Notice of Acceptance as to the foregoing registration, thereby making it officially

4355130.1
58456.1

"incontestable." A copy of said Notice of Acceptance is attached hereto, marked as Exhibit "C," and incorporated herein by reference.

24.    Pursuant to its exclusive servicemarks, Plaintiff Ready to Rumble, LLC caused Plaintiff Michael Buffer to be recorded, produced, manufactured, distributed or broadcast, in audio or video format Buffer's utterance of "LET'S GET READY TO RUMBLE"® ("the servicemarked phrase") in his distinctive voice, manner, cadence and style of delivery, among other uses, which recording is also referred to, *supra*, as the Copyrighted Work.

25.    Plaintiff Ready to Rumble, LLC is informed and believes and thereon alleges that, beginning no later than on or about February 19, 2009, and continuing until at least March 20, 2009, Defendants commenced to use and used the servicemarked phrase, *inter alia*, as contained in the Copyrighted Work, and publicly performed, broadcast and disseminated the Copyrighted Work containing the servicemarked phrase on Forty-Three (43) occasions.

26.    The aforesaid use of Plaintiff Ready to Rumble, LLC's servicemarks, including the servicemarked phrase, was and is unauthorized by Plaintiffs, violates Plaintiff Ready to Rumble, LLC's exclusive servicemark rights and constitutes a separate infringement as to each use.

27.    The said acts of Defendants have likely caused confusion, deception or mistake as to the source of ownership and origin of the "LET'S GET READY TO

4355130.1
58456.1

RUMBLE"® servicemarks in that they were and are likely to cause the public mistakenly to believe that Defendants were sponsored by, connected with, or in some way interrelated with Plaintiffs Ready to Rumble, LLC or Michael Buffer.

28.     Plaintiff Ready to Rumble, LLC is informed and believes, and upon such information and belief alleges, that at least a portion of the aforesaid infringing acts by Defendants were intentional and were committed in willful and deliberate disregard of Plaintiff Ready to Rumble, LLC's rights.  Plaintiff Michael Buffer is a well-known professional boxing, wrestling, sports and entertainment announcer and international celebrity who has become so identified with the servicemark "LET'S GET READY TO RUMBLE"® that he has attained worldwide recognition and acknowledgment as the source of this famous mark.

29.     By reason of the acts of Defendants described above, Plaintiff Ready to Rumble, LLC has suffered great detriment and injury to its business, goodwill and profits.  The exact amount of said damage is presently unascertained.

30.     In the event Defendants continue or resume the infringing activities set forth herein, such conduct would cause Plaintiff Ready to Rumble, LLC irreparable damage in that it would be extremely difficult to ascertain the amount of compensation which would afford Plaintiff Ready to Rumble, LLC adequate relief therefore, and, unless this Court grants a permanent injunction, Plaintiff Ready to Rumble, LLC would be compelled to prosecute a multiplicity of actions for damages,

4355130.1
58456.1

one each time Defendants used or reproduced Plaintiff Ready to Rumble, LLC's servicemark. Plaintiff Ready to Rumble, LLC has no adequate remedy at law.

### THIRD CLAIM

*(Commercial Misappropriation By Plaintiff*
*Ready to Rumble, LLC Against All Defendants)*

31.    Plaintiff Ready to Rumble, LLC repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 30, above.

32.    As alleged, at least between February 19, 2009 and March 20, 2009, Defendants regularly used and broadcast Plaintiff Ready to Rumble, LLC's servicemarked phrase (as contained in the Copyrighted Work) on at least Forty-Three (43) occasions. Plaintiff Michael Buffer's voice, style of delivery and cadence are unique and distinctive, and the public has identified said Plaintiff as the exclusive source thereof. Both in combination and separate and apart from Plaintiff Michael Buffer's voice, style of delivery and cadence, "LET'S GET READY TO RUMBLE"® also is unique and distinctive and the public has identified said servicemark with Michael Buffer (and his company Ready to Rumble, LLC) in his capacity as a boxing, wrestling, sports and entertainment announcer and celebrity known throughout the world.

33.    Defendants knowingly exploited the aforesaid servicemarks by publicly performing and broadcasting the Copyrighted Work containing Plaintiff Michael

4355130.1
58456.1

Buffer's voice, style of delivery or cadence, including the servicemarked phrase, for the promotion of their own commercial profit and gain. [15 U.S.C. §§1125(a)and Ch. 16 of the Tex. Bus. & Comm. Code].

34.    Defendants are trading on the goodwill and fame of Plaintiff Michael Buffer (and his company Plaintiff Ready to Rumble, LLC), and the appeal and excitement generated by his well-known vocal performance as embodied in the servicemarked phrase.

35.    Said unauthorized uses by Defendants were undertaken without notification to Plaintiffs or their consent, and continued after Plaintiffs' demand that Defendants cease and desist from same.

## FOURTH CLAIM

*(False Designation Against All Defendants By*
*Ready to Rumble, LLC Against All Defendants)*

36.    Plaintiff Ready to Rumble, LLC repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 35, above.

37.    Defendants' use and exploitation of the "LET'S GET READY TO RUMBLE"® servicemarks constituted and constitute "passing off," to wit, willful and deliberate false designations of origin and false representations which were and are likely to cause confusion, mistake or deception by inducing the impression among customers, potential customers and the public in general to believe that Defendants

4355130.1
58456.1

were and in some manner approved, licensed, sponsored, affiliated or associated with Plaintiff Ready to Rumble, LLC (as well as Plaintiff Michael Buffer).

38.    Defendants' said acts violate, *inter alia*, 15 U.S.C. §1125(a) and Ch. 16 of the Tex. Bus. & Comm. Code.

39.    Plaintiff Ready to Rumble, LLC has been irreparably damaged by Defendants' conduct and may suffer additional irreparable damage unless this Court grants the remedies prayed for herein.  Plaintiffs have no adequate remedy at law.

## FIFTH CLAIM

### (*Dilution Against All Defendants*)

40.    Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 39, above.

41.    The "LET'S GET READY TO RUMBLE"® servicemarks and Plaintiffs' rendition thereof have a distinctive and valuable quality protected by the Federal Trademark Dilution Act of 1995 [15 U.S.C. 1125(c)] and Ch. 16 of the Tex. Bus. & Comm. Code.

42.    The servicemarks used by Defendants were and are identical to that of Plaintiffs and has been broadcast and distributed in the media without authorization and without proper attribution to Plaintiffs.  Said use threatens to cheapen and debase Plaintiffs' mark and the absence of proper attribution threatens to lead the public to believe there is no protection.

*K&A/9-2009*                                    12                                    *Complaint*

4355130.1
58456.1

43.    Defendants' unauthorized appropriation as alleged above constituted and constitutes a likely and, in fact, manifest dilution of Plaintiffs' rights in and to their servicemarks and trademarks. Defendants' misappropriation diminishes or destroys the exclusive association between Plaintiffs and their service marks, thereby depriving Plaintiffs of the benefits they sought and achieved from such exclusive association developed through great diligence and cost. All of the foregoing acts of Defendants constitute a violation of the Federal Trademark Dilution Act of 1995 [15 U.S.C. 1125(c)] and Ch. 16 of the Texas Business and Commerce Code, and may continue to injure Plaintiffs unless this Court grants the relief requested herein.

## SIXTH CLAIM

*(Unfair Competition Against All Defendants)*

44.    Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 43, above.

45.    Defendants' unauthorized use of Plaintiff Michael Buffer's voice, style of delivery or cadence, and the servicemarked phrase itself, constitute common law unfair competition under the common law of the State of Texas.

46.    By reason of the foregoing, Defendants have caused irreparable harm, injury, and damage to Plaintiffs and may continue to do so unless this Court grants the relief requested herein.

4355130.1
58456.1

## SEVENTH CLAIM

*(Misappropriation Of Voice And Likeness*
*By Michael Buffer Against All Defendants)*

47.    Plaintiff Michael Buffer repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 46, above.

48.    Plaintiff Michael Buffer is informed and believes, and thereon alleges, that the aforesaid conduct of Defendants constitutes unauthorized misappropriation for commercial purposes of Plaintiff Michael Buffer's voice or likeness, in violation of Ch. 16 of the Texas Business and Commerce Code and applicable Texas common law.

49.    By reason of the aforesaid conduct of Defendants, Plaintiff Michael Buffer has been damaged in an amount which damage is presently unascertained.

50.    As direct and proximate result of the aforementioned conduct by Defendants, they have earned profits attributable to the broadcast of the Copyrighted Work containing Plaintiff Michael Buffer's voice, image and persona, in an amount which has yet to be ascertained.  Plaintiff Michael Buffer is entitled to recover all profits earned by Defendants as a result of Defendants' unauthorized use of his voice, image or likeness for commercial purposes.

4355130.1
58456.1

51.    As direct and proximate result of the aforementioned conduct by Defendants, Plaintiff Michael Buffer has incurred and will continue to incur substantial attorney's fees and costs, for which he is entitled to an award under Chapter 16 of the Texas Business and Commerce Code.

52.    Plaintiff Michael Buffer is informed and believes and thereon alleges that at least a portion of the aforementioned acts of Defendants were done intentionally or with conscious disregard of Plaintiff Michael Buffer's rights, and with the intent to vex, injure or annoy him such as to constitute oppression, fraud or malice, thus entitling him to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants and to deter such conduct in the future, which amount will be proved at trial.

*WHEREFORE, Plaintiffs request judgment as follows:*

1.    That Defendants and their officers, agents, affiliates, employees, and all persons in active consent or participation with them and each of them, be enjoined and restrained during the pendency of this action and thereafter permanently:

(a)    From reproducing, distributing, publicly performing, broadcasting, airing in the media, or otherwise using in any way the servicemark "LET'S GET READY TO RUMBLE"® or the Copyrighted Work, in any broadcast, public performance, promotion, advertising, distribution, or other use;

*K&A/9-2009*                    15                    *Complaint*

4355130.1
58456.1

(b)    From using in any way the words "LET'S GET READY TO RUMBLE"® or any mark, designation or phrase so similar to Plaintiffs' aforesaid servicemarks or Copyrighted Work as to be likely to cause confusion, cause mistake, or deceive the public;

(c)    From further diluting Plaintiffs' goodwill by infringing Plaintiffs' said servicemarks or Copyrighted Work; and

(d)    From otherwise competing unfairly with Plaintiffs in any manner.

2.    That Defendants account for and pay over to Plaintiffs all damages sustained by Plaintiffs and profits realized by Defendants by reason of their unlawful acts, and that the amount of profits realized by Defendants be increased to a sum not exceeding three times the amount thereof as provided by law.

3.    That Defendants be required to pay to Plaintiffs such damages as Plaintiffs have sustained in consequence of Defendants' servicemarks infringement and unfair trade practices and competition and to account for:

(a)    All gains, profits and advantages derived by Defendants by said trade practices and unfair competition; and

(b)    All gains, profits and advantages derived by Defendants by infringement or such damages as to the Court shall appear proper within the provisions of all applicable statutes.

4.    That, with respect to the First Claim, Defendants be required to account for and pay over to Plaintiffs the actual damages suffered by Plaintiffs as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiffs' copyright or exclusive rights under copyright and to pay such damages to Plaintiffs as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiffs' election, statutory damages for each infringement of copyright, as provided for at 17 U.S.C. §504, up to and including damages for willful infringement of $150,000;

5.    That Defendants be required to deliver up to be impounded during the pendency of this action all copies of the Copyrighted Work in Defendants' possession or control.

6.    That Plaintiffs be awarded reasonable costs and attorney fees pursuant to statute and as otherwise allowed by law.

7.    That Plaintiffs be awarded compensatory and exemplary damages according to proof.

8.    That Plaintiffs be awarded such other and further relief as the Court may deem appropriate.

Plaintiffs hereby demand a jury trial as provided by Fed. R.Civ. Proc. Rule 38(a).

4355130.1
58456.1

DATED: November 24, 2009

Respectfully submitted,

BROWN McCARROLL, L.L.P.
221 North Kansas Street, Suite 2000
El Paso, TX 79901
915-545-4716
915-532-5139 Telecopier

By: _____
        Mark C. Walker
        State Bar No. 20717320
        E-mail: mwalker@mailbmc.com
        Carlos E. Flores
        State Bar No. 24050606
        E-mail: cflores@mailbmc.com

ATTORNEYS FOR PLAINTIFFS
MICHAEL BUFFER, and
READY TO RUMBLE, LLC

4355130.1
58456.1

A

# CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

## FORM SR
For a Sound Recording
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**SRu 383-692**

EFFECTIVE DATE OF REGISTRATION

| | | |
|---|---|---|
| 1 | 9 | 98 |
| Month | Day | Year |




---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1
**TITLE OF THIS WORK ▼**

"LETS GET READY TO RUMBLE"

**PREVIOUS, ALTERNATIVE, OR CONTENTS TITLES (CIRCLE ONE) ▼**

---

## 2
### a
**NAME OF AUTHOR ▼**

MICHAEL BUFFER

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼
1944

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ U.S.A.
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Performance or sound recording

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire," check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

### b
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

### c
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

## 3
### a
**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
1997 ◀ Year
This information must be given in all cases.

### b
**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶   Day ▶   Year ▶
◀ Nation

---

## 4
**COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼**
### a
Michael Buffer/Ready To Rumble, Inc.; c/o McPherson & Kalmansohn, 1801 Century Park East, 24th Floor, Los Angeles, CA 90067

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
### b
Ready To Rumble, Inc., a corporation wholly owned by the author Michael Buffer received part ownership of the copyright by contract.

APPLICATION RECEIVED
JAN 07. 2002

ONE DEPOSIT RECEIVED
3/9/98

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

Exhibit

*Amended by C.O.; authority phone conversation
with Mark E. Kalmansohn on 2/7/02..

EXAMINED BY

CHECKED BY

FORM SR

CORRESPONDENCE

X Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ But see 12/17/01 letter re ✱

a. ☐ This work was previously registered in unpublished form and now has been published for the first time. Control No. 80-902-935(M)

b. ☐ This is the first application submitted by this author as copyright claimant. authorizing this substitute application.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

a  Sound recording.

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

✱ **6**

See instructions
before completing
this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                    Account Number ▼

a

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.    Name/Address/Apt/City/State/ZIP ▼

b  Mr. Michael Buffer/Ready To Rumble, Inc.
c/o McPherson & Kalmansohn
1801 Century Park East, 24th Floor
Los Angeles, CA 90067

Area code and daytime telephone number ►            Fax number ►

Email ►

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ owner of exclusive right(s)

☐ other copyright claimant  XX authorized agent of  Michael Buffer/Ready To Rumble, Inc.
                           Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

MARK E. KALMANSOHN                                Date ► 1/3/02

Handwritten signature (x) ▼

X _____

| | | |
|---|---|---|
| Certificate will be mailed in window envelope to this address | Name ▼  McPHERSON & KALMANSOHN | |
| | Number/Street/Apt ▼  1801 Century Park East, 24th Floor | |
| | City/State/ZIP ▼  Los Angeles, CA 90067 | |

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of
July 1, 1999
the filing fee
for Form SR
is $30

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

January 2000—50,000
WEB REV: June 1999

PRINTED ON RECYCLED PAPER

U.S. GOVERNMENT PRINTING OFFICE: 2000-461-113/93

B



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Director of the United States Patent and Trademark Office*

Exhibit

Int. Cls.: 35 and 41

Prior U.S. Cls.: 100, 101, 102 and 107

**United States Patent and Trademark Office**

Reg. No. 2,405,492

Registered Nov. 21, 2000

## SERVICE MARK
### PRINCIPAL REGISTER

## LET'S GET READY TO RUMBLE

READY TO RUMBLE, INC. (NEW JERSEY COR-
PORATION)
MARK E. KALMANSOHN
MCPHERSON & KALMANSOHN1801 CENTURY
PARK EAST, 25TH FLOOR
LOS ANGELES, CA 90067

FOR: ADVERTISING AND PROMOTING THE
GOODS AND SERVICES OF OTHERS RENDERED
BY LIVE ANNOUNCEMENTS AND VIA PRE-RE-
CORDED AUDIO, VIDEO AND ELECTRONIC
MEDIA, NAMELY, RADIO, TELEVISION, MOTION
PICTURE FILMS, MOTION PICTURE TRAILERS,
VIDEOTAPES, CD'S, THE GLOBAL COMPUTER
NETWORK, COMPUTER SOFTWARE AND OTHER
ELECTRONIC DISKS, NAMELY, LASER, CD-ROM,
DIVX, AND DVD, AT OR IN CONNECTION OR AS-
SOCIATION WITH SPORTING, ENTERTAINMENT
AND CULTURAL EVENTS, IN CLASS 35 (U.S. CLS.
100, 101 AND 102).

FIRST USE 0-0-1984; IN COMMERCE 0-0-1984.
FOR: ENTERTAINMENT IN THE NATURE OF A
LIVE ANNOUNCER AND IN THE NATURE OF PRE-
RECORDED ANNOUNCEMENTS RECORDED ON
AUDIO, VIDEO AND ELECTRONIC MEDIA, NAME-
LY, RADIO, TELEVISION, MOTION PICTURE
TRAILERS, VIDEOTAPES, CD'S, THE GLOBAL
COMPUTER NETWORK, COMPUTER SOFTWARE
AND OTHER ELECTRONIC DISKS, NAMELY,
LASER, CD-ROM, DIVX, AND DVD, AND PER-
FORMED OR BROADCASTED AT SPORTING, EN-
TERTAINMENT AND CULTURAL EVENTS, IN
CLASS 41 (U.S. CLS. 100, 101 AND 107).
FIRST USE 0-0-1984; IN COMMERCE 0-0-1984.
OWNER OF U.S. REG. NOS. 1,904,692, 1,905,876
AND OTHERS.

SER. NO. 75-701,343, FILED 5-6-1999.

KAREN BRACEY, EXAMINING ATTORNEY



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

REGISTRATION NO: 2166194    SERIAL NO: 75/033678    MAILING DATE: 11/13/2008
REGISTRATION DATE: 06/16/1998
MARK: LET'S GET READY TO RUMBLE
REGISTRATION OWNER: READY TO RUMBLE, LLC

CORRESPONDENCE ADDRESS:
MARK E. KALMANSOHN
KALMANSOHN & ANDERSEN, LLP
1801 CENTURY PARK EAST, 24TH FLOOR
LOS ANGELES CA 90067

# NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1059.

**ACCORDINGLY, THE REGISTRATION IS RENEWED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
025, 021.

CLINKSCALES, ARLENE L
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

ORIGINAL

TMLT6C (11/2005)

## REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION

### I) SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration
shall be canceled for failure to file an Affidavit of Continued Use under Section 8
of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period
following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

### II) SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions
of Section 8, except that the registration shall expire for failure to file an
Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059,
at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the
registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE
SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT
IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND
TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION
OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE
REQUIREMENTS AND FEES.**

TMLTIR (9/99)

CORRECTED

Court Name: TEXAS WESTERN
Division: 3
Receipt Number: 300003770
Cashier ID: jbejaran
Transaction Date: 11/24/2009
Payer Name: Brown McCarroll, LLP
--------------------------------
CIVIL FILING FEE
 For: Ready To Rumble, LLC
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 565103
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

Civil Filing Fee,
DTXW309CV000421-DB, READY TO
RUMBLE, LLC V GRM COMMUNICATIONS ET
AL