UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MICHAEL BUFFER, an individual; and, READY TO RUMBLE, LLC, a California limited liability corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> GRM COMMUNICATIONS, INC., a Texas Corporation, doing business as RADIO STATION XHNZ and doing business as LA ZETA RADIO DE NETA; GRUPO RADIO CENTRO, S.A.B. de C.V., a Mexican Corporation doing business as RADIO STATION XHNZ and doing business as LA ZETA RADIO DE NETA and doing business as GRUPO RADIO CENTRO and doing business as GRUPO RADIO CENTRO MEXICO and doing business as ORGANIZATION RADIOCENTRO; and DOES 1-10, <br><br> Defendants. | Cause No. EP-09-CV-00421-DB |

**PLAINTIFFS' MOTION TO SEVER AND FOR ENTRY OF FINAL JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME MICHAEL BUFFER and READY TO RUMBLE, LLC, Plaintiffs herein, and file this Motion to Sever and for Entry of Final Judgment, and in support thereof would respectfully show the Court as follows:

1. Plaintiffs filed this lawsuit for copyright and trademark infringement, among other causes of action, against two Defendants, GRM Communications, Inc. and Grupo Radio Centro, S.A.B. de C.V. Defendant GRM Communications, Inc. is a Texas corporation and was served on April 12, 2010. Defendant Grupo Radio Centro, S.A.B. de C.V. is a Mexican corporation and is currently being served through an international process server. Defendant GRM Communications,

- 1 –

Inc. failed to answer the complaint. On June 11, 2010, Plaintiffs filed a motion for default judgment against Defendant GRM Communications, Inc., and the Court granted said motion by Order dated July 6, 2010. On July 20, 2010, Plaintiffs filed an application for attorney's fees in connection with the default judgment. The Court granted said application by order dated August 11, 2010.

3. Because the case against Defendant Grupo Radio Centro, S.A.B. de C.V. is still pending, the default judgment order entered against Defendant GRM Communications, Inc. remains interlocutory. Plaintiffs now file this motion to sever all claims against GRM Communications, Inc. into a separate cause number from the claims pending against Grupo Radio Centro, S.A.B. de C.V. in order to make the default judgment order against Defendant GRM Communications, Inc. final. Plaintiffs further ask that the Court enter a final judgment against Defendant GRM Communications, Inc. for all damages awarded, plus attorney's fees, costs of court, pre-judgment and post-judgment interest at the legal rate.

2. Severance is governed by Rule 21 of the Federal Rules of Civil Procedure, which states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. PRO. 21. The determination of whether severance should be granted is within the discretion of the trial court. *Condosta v. Vermont Electric Cooperative, Inc.*, 400 F.Supp. 358, 366 (D. Vt. 1975). Rule 21 grants the court broad discretion to permit a change in the parties at any stage of the litigation. *Four Star Capital Corp. v. Nynex Corp.*, 183 F.R.D. 91, 98 (S.D. N.Y. 1997) (quotations omitted). Whether severance is warranted requires balancing of several considerations, including the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation. *Off. Comm. Of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000). The Fifth Circuit has noted a strong judicial policy whereby trial courts have broad and flexible power to "control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants." *In re: Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1973).

3. In the present case, Plaintiffs have an interlocutory default judgment order against Defendant GRM Communications, Inc. Plaintiffs wish to turn such order into a final judgment against Defendant GRM Communications, Inc. Severance would isolate the claims against the Mexican Defendant and would therefore serve judicial economy. Severance would not prejudice either of the Defendants, since Defendant GRM Communications, Inc. failed to answer and Defendant Grupo Radio Centro, S.A.B. de C.V. will have an opportunity to answer and defend the case on the merits. Under similar circumstances, district courts have found that severance of a co-defendant after a default judgment has been entered against one defendant is proper. *See e.g., Liberty Mutual Ins. Co. v. Horizon Coach, Inc.*, CV-07-1477 (DRH) (WDW), 2009 U.S. Dist. LEXIS 74073 (E.D. NY July 15, 2009) (court severed claim against bankrupt defendant and entered default judgment against other defendant); *Broad Music, Inc. v. Northern Lights, Inc.*, 555 F.Supp.2d 328 (N.D. NY 2008) (in copyright infringement case, court granted severance of one defendant and entered a default judgment against the other defendant); *see also Cashman v. Montefiore Medical Center*, 191 B.R. 558, 561 (S.D.N.Y. 1996).

4. In this case, all claims and orders against Defendant GRM Communications, Inc. should be severed into a separate lawsuit and assigned a separate cause number. Plaintiffs' claims against Defendant Grupo Radio Centro, S.A.B. de C.V. should remain pending and unaffected under this cause number. Plaintiffs respectfully pray for an order granting this motion for severance and directing the District Clerk to sever all claims and orders against Defendant GRM Communications, Inc. accordingly.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that this motion be granted, and for any other further relief to which Plaintiffs may be entitled.

Respectfully submitted,

**COX SMITH MATTHEWS INCORPORATED**
221 North Kansas, Suite 2000
El Paso, Texas  79901
915-541-9300
915-541-9399 Telecopier


By: */s/ Mark C. Walker*_____
    Mark C. Walker
    Texas State Bar No. 20717320
    David Mirazo
    Texas State Bar No. 24044610

**ATTORNEYS FOR PLAINTIFFS MICHAEL BUFFER AND READY TO RUMBLE, LLC.**

- 4 –