IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MICHAEL BUFFER, an Individual, and § | | |
| READY RUMBLE, LLC, a California § | | |
| Limited Liability Corporation, § | | |
|    Plaintiffs, § | | |
| § | | |
| v. § | EP-09-CV-421-DB | |
| § | | |
| GRM COMMUNICATIONS, INC., a § | | |
| Texas Corporation, d/b/a Radio Station § | | |
| XHNZ and d/b/a La Zeta Radio de Neta, § | | |
| et al., § | | |
|    Defendants. § | | |

## ORDER

On this day, the Court considered Plaintiffs Michael Buffer and Ready Rumble, LLC's "Motion to Sever and for Entry of Final Judgment" filed in the above-captioned cause on September 28, 2010. On April 12, 2010, Plaintiffs filed an Amended Complaint against Defendants GRM Communications, Inc., ("GRM") and Grupo Radio Centro ("Radio Centro"), alleging violations of the copyright and trademark laws of the United States. The Court granted Plaintiffs' motion for default judgment and application for attorney's fees against GRM on July 6 and August 11, 2010, respectively, but the judgments remain interlocutory because Plaintiffs have not served Radio Centro, a Mexican corporation. Plaintiffs now ask the Court to sever all claims against GRM from those against Radio Centro pursuant to Federal Rule of Civil Procedure 21 ("Rule 21"), and seek final judgment, damages awarded, attorney's fees, costs of court, and pre- and post-judgment interest at the legal rate against GRM. After due consideration, the Court is of the opinion that Plaintiffs' Motions should be granted for the following reasons.

Rule 21 provides in relevant part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. "Rule 21 is an appropriate vehicle to sever or dismiss the claims of even properly joined parties." *Blum v. Gen. Elec. Co.*, 547 F. Supp. 2d 717, 722 (W.D. Tex. 2008). By severing claims under Rule 21, a district court creates two separate actions by which severed claims may proceed as discrete, independent actions. *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). District courts may then render final judgment in "either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Id.* (internal quotation omitted). Ultimately, district courts have broad discretion to sever claims under Rule 21. *Brunet v. United Gas Pipeline Co.* 15 F.3d 500, 505 (5th Cir. 1994).

In the instant case, the Court entered an Order granting default judgment against GRM and awarding attorney's fees for Plaintiffs on July 6, 2010. Nevertheless, the judgment remains interlocutory as Plaintiffs have not served process on Radio Centro, a Mexican corporation. The Court is of the opinion that all claims against GRM should be severed from those against Radio Centro pursuant to Rule 21 such that final judgment may enter against GRM.

Notwithstanding the severance, Plaintiffs must be diligent in attempting to serve Radio Centro and other unknown Defendants. Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). By its terms, however, Rule 4(m) creates an exception for service in a foreign country. FED. R. CIV. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."). Rather, to determine whether service is timely in a case involving foreign

2

defendants, courts have used a flexible due diligence standard. *See Banco Central de Paraguay ex rel. Banco Union S.A.E.C.A. v. Paraguay Humanitarian Found., Inc.,* No. 01 Civ. 9649(JFK), 2005 WL 2861598, at *4 (S.D.N.Y. Oct. 31, 2005). Notwithstanding the exception to Rule 4(m), Plaintiffs time to serve foreign defendants is not unlimited as district courts need to be able to control their dockets. *See Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). "If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim." *Id.*

In the instant case, had Radio Centro been a United States Corporation, the time to complete service under Rule 4(m) would have expired on August 10, 2010. Pursuant to the foreign defendant exception, however, the Court considers whether Plaintiffs hired an international process server before expiration of the 120 days mandated under Rule 4(m) and whether Plaintiffs have been diligent in attempting to serve process on foreign defendants. On June 2, 2010, Plaintiffs filed a Status Report wherein Plaintiffs notified the Court that Plaintiffs had retained an international process server on May 28, 2010 well before the expiration of the 120 days to serve process on Radio Centro in Mexico. Moreover, Plaintiffs were diligent in submitting their Status Report informing the Court of progress made in serving Radio Centro. Therefore, the Court is of the opinion that Plaintiffs have been diligent in attempting to serve process on Radio Centro, a foreign defendant. Neverthelss, Plaintiffs intimated that service would take up to six months to complete. Because district courts must be able to control their dockets, the Court finds that Plaintiffs must submit a status report every three months from the date of this Order updating the Court of any progress made in serving Radio Centro. Thus, after due consideration, the Court finds that the following orders should enter:

**IT IS HEREBY ORDERED** that Plaintiffs Michael Buffer and Ready Rumble, LLC's "Motion to Sever and for Entry of Final Judgment" is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims asserted against Defendant GRM Communications, Inc. be **SEVERED** from claims against Defendant Grupo Radio Centro and all unknown Defendants.

**IT IS FURTHER ORDERED** that the Clerk of the Court **AMEND** the caption in the present action to reflect that claims against Defendants Grupo Radio Centro and all unknown Defendants are no longer included within the above-captioned cause.

**IT IS FURTHER ORDERED** that the above-captioned cause is **DISMISSED**.

**IT IS FURTHER ORDERED** that all other pending motions in the above-captioned cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **ISSUE** a separate cause number in Plaintiff Michael Buffer and Ready Rumble, LLC's action against Defendant Grupo Radio Centro and all unknown Defendants.

**IT IS FINALLY ORDERED** that Plaintiffs Michael Buffer and Ready Rumble, LLC **SUBMIT** a Status Report to the Court every three months from the date of this Order until service of Defendant Grupo Radio Centro and all unknown Defendants is completed.

**SIGNED** this **5th** day of **October, 2010.**

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE